IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LUCIUS MANNING and ANGELA McCAW, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | CASE NO. 1:10-cv-925-MEF |
| | ) | |
| JOHN C. MASON, in his individual capacity, *et al.*, | ) ) ) | (WO - DO NOT PUBLISH) |
| DEFENDANTS. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This suit arises out of the arrest of Lucius Manning ("Manning") on November 16, 2008. Manning and his wife Angela McCaw ("McCaw") filed suit on October 29, 2010. Originally, Manning and McCaw sued only three individuals in their individual capacities. Before any defendant could file a responsive pleading, Manning and McCaw filed the First Amended Complaint which added claims and defendants. This cause is before the Court on the Motion to Dismiss First Amended Complaint (Doc. # 19) which defendants jointly filed on November 29, 2010. For the reasons that follow, the motion is due to be GRANTED.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367. Additionally, Defendants have not argued that the Court does not have personal jurisdiction over them. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district.

# FACTUAL[1] AND PROCEDURAL BACKGROUND

Due to the procedural posture of this case, the following is a summary of the factual basis for the lawsuit as set forth by the allegations of the First Amended Complaint (Doc. # 9). Unfortunately, the First Amended Complaint is long on legal conclusions and very short on facts. The facts alleged are as follows.

Manning and his wife McCaw reside in Dale County, Alabama. On November 16, 2008, Defendant John C. Mason ("Mason") entered Plaintiffs' property and attempted to photograph a vehicle located on the property without Plaintiffs' consent. Manning asked Mason to leave the property. Mason complied with this request to leave, but later in the evening, Mason returned with Defendant Joe Moore ("Moore") and Defendant Robert S. Breed ("Breed"). Plaintiffs allege that at the time of the incident either the Dale County Sheriff's Department or the City of Enterprise Police Department employed Moore, Mason, and Breed. Plaintiffs allege that when Mason returned with Moore and Breed, he again entered Plaintiffs' property without their consent.

According to the allegations before the Court, Mason, Moore, and Breed did not have either a search warrant or an arrest warrant. The First Amended Complaint also alleges that Mason and Breed acted outside of the scope of their employment and exceeded their authority by virtue of geographic limits on their police authority. The parties now stipulate however that municipal law enforcement officers for the City of Enterprise are legally able

---

[1] This recitation of facts is derived from the plaintiff's complaint. As is required on a Motion to Dismiss, the Court will take as true all pleaded factual allegations.

2

to act with legal authority throughout Dale County as well as Coffee County because the City of Enterprise's city limits encompass areas located in both Dale County and Coffee County. *See* Doc. #37. Manning asked Mason, Moore, and Breed to leave his property, but they refused. At this point, Manning had "an altercation" with Mason, Moore, and Breed. During the altercation, they used a Taser[2] on Manning, handcuffed him, and arrested him.

On October 29, 2010, Manning and McCaw filed suit against Mason, Moore, and Breed. Plaintiffs named Defendants only in their individual capacities. Pursuant to 42 U.S.C. § 1983, Manning and McCaw sought damages for alleged violations of their rights under the Fourth Amendment. Additionally, they brought tort claims pursuant to Alabama law.

On November 16, 2010, Manning and McCaw filed the First Amended Complaint. As in the original Complaint, Manning and McCaw brought claims against Mason, Moore, and Breed in their individual capacities. Manning and McCaw added claims against the City of Enterprise, Alabama and the Enterprise Police Department. The first two counts, brought pursuant to 42 U.S.C. § 1983, seek a remedy for alleged violations of rights contained in the Fourth Amendment to the United States Constitution. Specifically, Manning alleges Defendants used excessive force against him while arresting him without probable cause or a warrant and Manning and McCaw allege that the entry onto their property violated their rights under the Fourth Amendment. The remaining causes of action are pursuant to

---

[2] A Taser is an electroshock weapon that uses electrical current to disrupt voluntary control of muscles.

Alabama law and include: false arrest; trespass; battery; invasion of privacy; negligence; wantonness; loss of consortium; negligent hiring, training, and supervision; wanton hiring, training, and supervision; and the tort of outrage.  Manning and McCaw seek a declaration that their rights were violated, an injunction from further violations, damages, attorney's fees, and costs.

Defendants filed the Motion to Dismiss First Amended Complaint (Doc. #19).  It is lengthy and identifies a number of deficiencies in the First Amended Complaint.  Manning and McCaw filed a response in which they conceded some points, disputed others, and sought leave to amend if the Court found their First Amended Complaint to be lacking.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## DISCUSSION

### A. Claims Against the Enterprise Police Department

The Enterprise Police Department argues that it should be dismissed because it is not a separate legal entity subject to suit. The Court finds that a law enforcement department is not a legal entity capable of being sued. *Cf. Dean v. Barber*, 951 F. 1210, 1214–15 (11th Cir. 1992) (finding that a sheriff's department was not a legal entity capable of suit). Plaintiffs concede this point and do not oppose the dismissal of their claims against the Enterprise Police Department. Accordingly, as it is not subject to suit, Plaintiffs' claims

against Enterprise Police Department are due to be dismissed with prejudice. *See, e.g., Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1363 (M.D. Ala. 2000) (dismissing claims against the Greenville Police Department because plaintiff did not oppose its assertion that it was neither a proper party nor a suable entity).

## B.  Punitive Damages Claims Against Defendant City of Enterprise

The City of Enterprise also moves for dismissal of any punitive damages claims brought against it on the basis that punitive damages are not recoverable against municipalities under § 1983 or under state law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not recoverable against a municipality in a § 1983 action); Ala. Code (1975) § 6-11-26 (1975) ("Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof. . . "). Plaintiffs present no argument to the contrary. Therefore, to the extent that Plaintiffs have attempted to bring a claim for punitive damages against the City of Enterprise, their claims are due to be dismissed with prejudice.

## C.  § 1983 Claims Against City of Enterprise

Defendants contend that the First Amended Complaint does not state a claim for municipal liability under § 1983. Section 1983 provides a remedy when person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983;[3] *Graham v.*

---

[3] Section 1983 provides in relevant part:
  Every person who, under color of any statute, ordinance, regulation,

6

*Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

To the extent that Manning and McCaw seek to bring claims against the City of Enterprise, Alabama pursuant to 42 U.S.C. § 1983, they must overcome the "strict limitations on municipal liability" which the United States Supreme Court has put in place. *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir.), *cert. denied,* 525 U.S. 870 (1998). Under § 1983, there is no *respondeat superior* liability; a municipality may not be sued under § 1983 for the acts of others. *See Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691-94 (1978); *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988); *Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior,* for constitutional injuries inflicted by its employees."); *Gold,* 151 F.3d at 1350 (municipality may not be liable for the wrongful actions of its police officers pursuant to a *respondeat superior* theory of liability). "Instead, a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Gold,* 151 F.3d at 1350. It is incumbent upon a plaintiff seeking to hold a municipality liable pursuant to § 1983 to identify the

---

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7

municipal policy or custom that he contends caused his injury to be inflicted. *Id.*

In *Brown v. City of Ft. Lauderdale,* 923 F.2d 1474 (11th Cir.1991), the Eleventh Circuit explained that a plaintiff can establish municipal liability under §1983 in either one of two ways. First, liability may attach if a plaintiff demonstrates "a widespread practice that, 'although not authorized by written law or express municipal policy, causes a constitutional deprivation and is so permanent and well settled as to constitute a custom and usage with the force of law.'" *Id*. at 1481 (quoting *Praprotnik,* 485 U.S. at 127). Second, a plaintiff can establish a municipality's liability by showing that his or her alleged constitutional injury was caused by a person who "possess[ed] 'final authority to establish municipal policy with respect to the action ordered.'" *Id.* at 1480 (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986)); *see also Jett v. Dallas Ind. Sch. Dist.,* 491 U.S. 701, 737 (1989); *Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir.1994).

In this case, Manning and McCaw have not identified any official policy or custom sufficient to form a predicate for municipal liability.[4] The factual basis alleged for their claims against the City of Enterprise, Alabama is that it employed some or all the individual defendants. This is a legally insufficient predicate for liability pursuant to § 1983 for any alleged constitutional violations Mason, Moore, and Breed might have committed during the scope of their employment. It is well-settled that such attempts to establish municipal liability on *respondeat superior* cannot support a claim against a municipality pursuant to §

---

[4] Counsel for Manning and McCaw appear to concede this point in their brief. *See* Doc. # 33 at p. 10 n.4.

1983. Thus, the Court finds that all § 1983 claims against the City of Enterprise, Alabama must be DISMISSED for failure to state a claim.

**D. Claims Against the City of Enterprise, Alabama for Negligence or Wanton Hiring, Training, and Supervision**

Defendants contend the claims in the Tenth and Eleventh Causes of Action, which seek damages from the City of Enterprise, Alabama for alleged negligent or wanton hiring, training, and supervision fail as a matter of law. Defendants rely on the provision in the Code of Alabama which provides immunity from such claims and cases applying that statute. *See* Ala. Code § 11-47-190 (1975).[5] Plaintiffs concede that they have no legal authority for these claims and do not oppose the granting of the motion to dismiss them. Accordingly,

---

[5] This statute provides that

> [n]o city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways, or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding.

they are due to be DISMISSED with prejudice.

**E.  Tort of Outrage**

The Twelfth Cause of Action sets forth a claim against Defendants for the Alabama tort known as the tort of outrage.  Under Alabama law, the tort of outrage is extremely limited.  *See, e.g., Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000).  In Alabama, to prevail on a claim of outrage, a plaintiff must prove that the defendant's conduct: "(1) was intentional and reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1043 (Ala. 1993).  Conduct is only actionable, however, if it is "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Am. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981).  The tort of outrage "does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.'" *Buzbee v. Ala. Waste Servs., Inc.*, 709 So. 2d 61, 67 (Ala. 1998) (quoting *Inmon*, 394 So. 2d at 364-65). As a result, outrage "is a very limited cause of action that is available only in the most egregious of circumstances." *Thomas*, 624 So. 2d at 1044.  Indeed, it is so limited that the Alabama Supreme Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment.[6]

---

[6] The egregious sexual harassment cases recognizing the tort of outrage are not limited to the context of an employment relationship.  *See, e.g., O'Rear v. B.H.*, ___ So. 3d ___, 2011 WL 835061 at *9-10 (Ala. Mar. 11, 2011) (affirming jury verdict for plaintiff on outrage claim and

*Potts*, 771 So. 2d at 465.  Nothing in the allegations of the First Amended Complaint brings this case within the limited ambit of the tort of outrage.  Plaintiffs concede this point and do not oppose the dismissal of the claim.  According, the motion to dismiss is due to be GRANTED as to the claims for the tort of outrage.

**F. Sufficiency of the Factual Allegations**

Before arguing various other grounds for dismissal, Defendants advance an argument that the First Amended Complaint does not contain sufficient factual allegations to demonstrate a plausible claim for relief as required under *Iqbal*, *Twombly*, and their progeny.  Plaintiffs make a weak attempt to refute this argument, but in the alternative seek leave to amend to attempt to cure any deficiencies the Court finds.  The Court agrees that the factual content of the First Amended Complaint is inadequate to state claims for the relief sought that are plausible on their face.  The Court further finds that Plaintiffs are entitled to an opportunity to replead.

## CONCLUSION

1. The Motion to Dismiss First Amended Complaint is GRANTED as set forth above.

2.  All claims against the Enterprise Police Department are DISMISSED with prejudice.

3.  All claims for punitive damages against the City of Enterprise, Alabama are

---

recognizing that while the tort of outrage is extremely limited it did extend to a case where a family doctor asked to help plainitff, when he was a minor with emotional problems, but the doctor instead exploited those problems and began to ply the minor with drugs, including very addictive opiate-based drugs, in exchange for homosexual sex with the doctor).

11

DISMISSED with prejudice.

4.  All claims pursuant to 42 U.S.C. § 1983 against the City of Enterprise, Alabama are DISMISSED with prejudice.

5.  The Claims in Plaintiffs' Tenth, Eleventh, and Twelfth Causes of Action are DISMISSED with prejudice.

6.  The remaining claims in the First Amended Complaint are DISMISSED without prejudice due to Plaintiffs' failure to plead an adequate factual basis for such claims.

7.  The Motion for Leave to Amend (Doc. # 33) is GRANTED.  Plaintiffs shall file an amended complaint correcting the deficiencies in their factual pleadings by no later than **May 27, 2011**.  Plaintiffs' counsel are admonished to be sure not to include in any such amendment any claims dismissed with prejudice by this Order.  Additionally, Plaintiffs' counsel should carefully consider the arguments advanced regarding the adequacy of their pleadings and include in their amended complaint actual factual allegations which make their claims plausible rather than mere legal conclusions.  Finally, Plaintiffs' counsel should include in their amended complaint proper factual allegations relating to the matters outlined in the Joint Stipulation (Doc. # 37).

DONE this the 13th day of May, 2011.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE